**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**SOUTHEASTERN DIVISION**

| | |
|---|---|
| DONALD AXTELL, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | )   Case No. 1:22-CV-00070 JAR |
| | ) |
| BILL STANGE, | ) |
| | ) |
| Respondent. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court upon the application for writ of habeas corpus brought

pursuant to 28 U.S.C. 2254, filed by convicted state prisoner Donald Axtell. For the reasons

discussed below, the Court will transfer this case to the United States District Court for the Western

District of Missouri.

In April 2007, petitioner pled guilty to one count of sodomy, two counts of first-degree

statutory sodomy, and one count of statutory rape. *State v. Axtell*, No. 06BU-CR02160-01 (5th

Jud. Cir., Buchanan County Court). On May 22, 2007, that Court sentenced petitioner to 99 years'

imprisonment, with concurrent sentences, on the counts of sodomy and the the two counts of first-

degree statutory sodomy. Petitioner was additionally sentenced to 99 years' imprisonment,

consecutive, on the count of statutory rape. The total term of imprisonment was 198 years'

imprisonment. *Id.* This is the judgment petitioner challenges in his § 2254 petition currently before

the Court.[1]

---

[1]It appears that petitioner previously brought an application for writ of habeas corpus pursuant to 28
U.S.C. § 2254 relative to this conviction and sentence in the Western District of Missouri. *See Axtell v.*
*Dormie*, No. 11-0747-CV-W-HFS-P (W.D. Mo. Dec. 27, 2011).

Petitioner was convicted and sentenced in Buchanan County, Missouri, which is located within the Western District of Missouri. 28 U.S.C. § 105(b)(5). The Eastern District of Missouri and the Western District of Missouri both have jurisdiction over the petition. *See* 28 U.S.C. § 2241(d). In an instance such as this, the Court may transfer the petition to the Western District "in furtherance of justice . . ." *Id*. Additionally, the Court has entered an administrative order stating that, absent any unusual circumstances, any habeas petition challenging a conviction or sentence arising out of a proceeding in the Western District of Missouri should be transferred to that district. *In re Business of the Court,* January 27, 1986. As a result, the Court will order that this case be transferred to the United States District Court for the Western District of Missouri. 28 U.S.C. § 2241(d).

Accordingly,

**IT IS HEREBY ORDERED** that this action shall be **TRANSFERRED** to the United States District Court for the Western District of Missouri pursuant to 28 U.S.C. § 2241(d).

**IT IS FURTHER ORDERED** that petitioner's motion to proceed in forma pauperis [ECF No. 2] is provisionally granted, subject to modification by the United States District Court for the Western District of Missouri.

**IT IS FURTHER ORDERED** that petitioner's motion for appointment of counsel [ECF No. 3] is administratively termed in this District. The Western District Court of Missouri should docket the motion at transfer for review by the transferee Court.

Dated this 3rd day of June, 2022.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE